Hunter<br>v.<br>Boucher.

<em>Plaintiff nonsuit.</em>

## WILLIAM WHITE *versus* DANIEL HALE *et al.*

An acknowledgment of a debt barred by the statute of limitations, by one of several joint debtors, is sufficient to take the case out of the statute as against all.

ASSUMPSIT for money had and received. Plea, the statute of limitations. The action was brought to recover money borrowed in 1814 by the agent of the Westport Cotton Manufacturing Company, then a voluntary association composed of the defendants, but which in 1815 was incorporated. To take the case out of the statute of limitations the plaintiff proved an acknowledgment of the debt within six years next before the commencement of the action, by two of the defendants. The whole number exceeded twenty. A verdict was found for the plaintiff.

*Merrick* for the defendants. In the case of *Bland* v. *Haselrig*, 2 Ventr. 151, it was decided, that if *indebitatus assumpsit* be brought for goods sold against four persons who plead the statute, and it be found that one of them promised within six years, there can be no judgment against him, for the contract being entire, it must be found that they all promised. This establishes the position, that the action could not be maintained against all, because all did not promise. In *Baxter* v. *Penniman*, 8 Mass. R. 134, the Court say, " The sound principle, which ought to govern in the construction of the statute is, that a presumption arises that the defendant, from the lapse of time, has lost the evidence which would have availed him in his defence, if seasonably called upon for pay-

<em>Nov. 16th</em>

292

ment    But when this presumption is rebutted by an acknow edgment of the defendant within six years, the contract is not within the intent of the statute." Taking this as the rule, it would be repugnant to justice that one in whose favor this presumption had arisen, should be defeated of his rights by an admission which he refused to make, or at least in which he had no participation. The great body of the defendants believe that the plaintiff has in fact received his money ; and can it be reasonable that an acknowledgment by one who has no knowledge of the transactions of a great copartnership, or who may not remember them, shall rebut the presumption which has been created in favor, not only of him who makes the admission, but of many others who believe the admission to be founded in error ? The presumption is in favor of all ; the acknowledgment is personal. After a copartnership is dissolved, one partner can no longer bind his associates. The copartnership once subsisting between the defendants was dissolved in 1815, when the charter of incorporation was obtained. The earliest acknowledgment in the case was not till more than six years after the plaintiff had knowledge of the dissolution.

*W. Baylies* and *H. Cushman*, to show that the acknowledgment of one joint debtor was sufficient, cited *Smith* v. *Ludlow*, 6 Johns. R. 267 ; *Johnson* v. *Beardslee*, 15 Johns. R. 3 ; *Whitcomb* v. *Whiting*, 2 Doug. 652 ; *Jackson* v. *Fairbank*, 2 H. Bl. 340 ; *Wood* v. *Braddick*, 1 Taunt. 104.

Nov. 18th. PARKER C. J. delivered the opinion of the Court. There was competent evidence for the jury to find a new promise upon, provided the acknowledgment by Nichols and one other is sufficient to charge the whole of the company. And we think the authorities cited by the plaintiff's counsel clearly maintain that position. The case cited from *Ventris* is not of a different character. The case is, if *indebitatus assumpsit* be brought against four persons, all of whom plead the statute of limitations, and the jury find that one promised within six years, there can be no judgment *against him*. And this is because the verdict does not pursue the issue ; and besides, the contract being joint, all or none should be charged. The

fault was in not considering the promise of one as binding upon all. This is explained in a note to the case cited from Douglas.

White
*v.*
Hale.

*Judgment according to the verdict* [1]

---

[1] *Getchell* v. *Heald*, 7 Greenl. R. 26; *Bound* v. *Lathrop*, 4 Connect R. 336; *Ward* v. *Howell*, 2 Harr. & Johns. 60; *Hunt* v. *Bridgham*, 2 Pick. (2nd ed.) 583, note; *Martin* v. *Root*, 17 Mass. R. 227; *Frye* v. *Barker*, 4 Pick. 384; *Hathaway* v. *Haskell*, 9 Pick. 42; *Cady* v. *Shepherd*, 11 Pick. 407, 408; *Perham* v. *Raynall*, 9 Moore, 566; *Wood* v. *Braddick*, 1 Taunt. 104. See *Atkins* v. *Tredgold*, 2 Barn. & Cressw. 23; *Bell* v. *Morrison*, 1 Peters, 351; *Levy* v. *Cadet*, 17 Serg. & Rawle, 126; *Searight* v. *Craighead*, 1 Rawle, Penr. & Watts, 135, *Hopkins* v. *Banks*, 7 Cowen, 650; *Baker* v. *Stackpoole*, 9 Cowen, 420; *Pittam* v. *Foster*, 2 Dowl. & Ryl. 363; *S. C.* 1 Barn. & Cressw. 248.

The law as laid down in the text is now altered by the Revised Statutes of Massachusetts, so that a joint contractor shall not lose the benefit of the provisions of the statute of limitations, by reason only of any acknowledgment or promise made or signed by any other or others of his co-contractors. Revised Stat. c. 120, § 14. But see *Sigourney* v. *Drury*, 14 Pick. 387